UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DEXTER WOOD,

                        Plaintiff,

            -against-

WARDEN COURTNEY ROTHNELL;
OFFICER SMITH; OFFICER DEJUSTE;
OFFICER ESTAVEZ,

                        Defendants.

26-CV-4603 (JPO)

ORDER OF SERVICE

J. PAUL OETKEN, United States District Judge:

Plaintiff, who currently is incarcerated at the Rose M. Singer Center, brings this action, *pro se*. Plaintiff asserts claims, under 42 U.S.C. § 1983 and state law, for events arising at the Otis Bantum Correctional Center (OBCC). By order dated June 16, 2026, the Court granted Plaintiff's request to proceed *in forma pauperis* (IFP), that is, without prepayment of fees.[1]

## DISCUSSION

**A.      Waiver of Service on Defendants and Valentin Order**

The Clerk of Court is directed to notify the New York City Department of Correction (DOC) and the New York City Law Department of this order. The Court requests that Defendants OBCC Warden Courtney Rothnell, Officer Dejuste, Officer Smith, and Officer Estavez waive service of summons.

Under *Valentin v. Dinkins*, a *pro se* litigant is entitled to assistance from the district court in identifying a defendant. 121 F.3d 72, 76 (2d Cir. 1997), and Plaintiff is therefore entitled to such assistance if the DOC is unable, without full names and badge numbers, to waive service

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(b)(1).

for one or more of the officers. In the complaint, Plaintiff supplies sufficient information to permit the DOC to identify the defendants who have common names, including Officer Smith, who allegedly deployed a chemical agent against Plaintiff and others at OBCC at around 3:15 to 5:00 p.m. on January 11, 2026. Plaintiff also supplies information to identify Intake Officer Estavez (possibly Estevez), who moved Plaintiff to Security Risk Group unit 1 South on February 15, 2026, and March 2, 2026.

It is therefore ordered that, if the DOC is unable to waive service for Officer Smith or Officer Estavez, the New York City Law Department, which is the attorney for and agent of the DOC, must ascertain the full name and badge number of Officer Smith and/or Estavez and provide this information to Plaintiff and the Court within sixty days of the date the waiver of service is returned unexecuted.

Once the Court has received this information, if necessary, the Court will issue an order asking Defendant Smith and/or Estavez to waive service.

## B.    Automatic Discovery

Local Civil Rule 33.2, which requires defendants in certain types of prisoner cases to respond to specific, court-ordered discovery requests, applies to this action. Those discovery requests are available on the Court's website under "Forms" and are titled "Plaintiff's Local Civil Rule 33.2 Interrogatories and Requests for Production of Documents." Within 120 days of service of the complaint, Defendants must serve responses to these standard discovery requests. In their responses, Defendants must quote each request verbatim.[2]

---

[2] If Plaintiff would like copies of these discovery requests before receiving the responses and does not have access to the website, Plaintiff may request them from the Pro Se Intake Unit.

2

## CONCLUSION

The Clerk of Court is directed to mail an information package to Plaintiff.

The Clerk of Court is directed to electronically notify the New York City Department of Correction and the New York City Law Department of this order. The Court requests that Defendants OBCC Warden Courtney Rothnell, Officer Dejuste, Officer Smith, and Officer Estavez waive service of summons. If waivers of service cannot be obtained for Defendants Smith and Estavez without their full names, the New York City Law Department is directed, under *Valentin v. Dinkins*, to provide the full name and badge numbers for Defendants Smith and Estavez within 60 days of the date the waiver of service is returned unexecuted.

Local Civil Rule 33.2 applies to this action.

SO ORDERED.

Dated:   June 17, 2026
         New York, New York

_____
J. PAUL OETKEN
United States District Judge

3